GRIFFIN, Judge,
concurring in part; dissenting in part.
I respectfully dissent as to the admission over objection of the portion of the testimony of the charge nurse who performed the rape exam on the twelve year old victim in which she recounted the victim’s out-of-court description of the sexual battery and the identity of the perpetrator. This examination was primarily an evidence-gathering exercise. The witness testified that the main reason for asking the victim how the attack happened was to determine what kind of examination should be conducted and on what parts of the victim’s body. Even if the secondary purpose is for this health professional to render treatment if needed, a history for treatment would not include the identity of the perpetrator, where it occurred, what was said by the victim and what the perpetrator said afterward. See State v. Jones, 625 So.2d 821 (Fla.1993). Defense counsel did everything he could by way of objection to exclude or limit this testimony. The lower court erred in admitting it over objection. The error cannot be said to be harmless. Accordingly, the judgment should be reversed and the defendant given a new trial.